UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL YOUNG,

        Plaintiff,

  v.                                              Case No. 05-C-118

TERRY REBHOLZ, et al.,

        Defendants.

**ORDER OF DISMISSAL**

      Plaintiff Michael Young brought an action under 42 U.S.C. § 1983. In that action, he alleges that Defendant Julee Ulrich, a social worker with the Outagamie County Department of Health and Human Services, falsely informed Defendant Terry Rebholz, the Outagamie County District Attorney, that plaintiff's daughter did not weigh enough and was not gaining weight fast enough. Based on this false information, Rebholz filed false civil child neglect charges against plaintiff with the intent of depriving him of the right to visit his children, and deprived him of his right to a jury trial on those charges. As a result, a state court entered an order forbidding plaintiff to visit his children and requiring part of plaintiff's Social Security benefits to be paid to Outagamie County for the support of his children. Plaintiff also alleges that Defendant Andrea Lemke Rochon, also a social worker with the Outagamie County Department of Health and Human Services, threatened to seek further court orders denying plaintiff the right to visit his children. Plaintiff alleges that these actions violated his due process rights under the Fourteenth Amendment to the Constitution. All the defendants have moved to dismiss the complaint.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of an action under such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). "[D]ismissal of a suit for failure to state a claim is always with prejudice and so always precludes reinstatement." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

The court will dismiss the action because all of the defendants enjoy absolute immunity from civil liability. A prosecutor has absolute immunity when initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This absolute immunity applies even if the prosecutor presents false evidence, *Burns v. Reed*, 500 U.S. 478, 490 (1991), willfully suppresses exculpatory evidence, *Imbler*, 424 U.S. at 431 n. 34, or acts maliciously, in excess of his authority, or in a manner flawed by grave procedural error. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). Prosecutorial immunity applies to a prosecutor's role in civil proceedings no less than criminal proceedings. *Mendenhall v. Goldsmith*, 59 F.3d 685, 689-90 (7th Cir. 1995) (citing *Butz v. Economou*, 438 U.S. 478 (1978)). Prosecutorial immunity shields Defendant Rebholz from liability in this case.

A social worker's role in initiating and pursuing child dependency proceedings is analogous to the prosecutor's role in initiating and prosecuting criminal cases. Thus, social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the

2

initiation and pursuit of child dependency proceedings. *Meyers v. Contra Costa County Dep't of Social Services*, 812 F.2d 1154 (9th Cir. 1987). Such immunity applies even if the social worker acts from improper motives or misleads the court responsible for those proceedings. *Millspaugh v. Couty Dep't of Public Welfare*, 937 F.2d 1172, 1175 (7th Cir. 1991). Moreover, social workers have the same absolute immunity when carrying out a valid court order entered as a result of child dependency proceedings. *Coverdale v. Dep't of Social and Health Services*, 834 F.2d 758 (9th Cir. 1987). This immunity protects Defendants Ulrich and Rochon in this case.

**IT IS THEREFORE ORDERED** that Defendants' motions to dismiss (Docket #21 and Docket #25) are hereby **GRANTED** and this case is **DISMISSED.** The Clerk of Court shall enter judgment accordingly.

Dated this   30th    day of June, 2005.

                                                    s/ William C. Griesbach  
                                                    William C. Griesbach  
                                                    United States District Judge